UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * * * * * *

Gary W. Harshe,                                     Civ. No. 10-4312 (JRT/LIB)

    Plaintiff,

v.                                                  **REPORT AND**
                                                    **RECOMMENDATION**
Grand Casino Hinckley,

    Defendant,

* * * * * * * * * * * * * * * * * * * * * * * * *

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis (IFP). (Dkt. 2). Plaintiff is seeking IFP status pursuant to 28 U.S.C. §1915, so that he will not have to pay the filing fee and other costs associated with this action. This matter has been referred to the undersigned for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

**I.    BACKGROUND**

    Plaintiff is attempting to sue Grand Casino Hinckley, his former employer, on the grounds that it terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Compl., Dkt. 1, at ¶ 3(a)). Plaintiff alleges that he was passed over for a promotion on three occasions on account of his race, and that the positions were instead filled by less qualified Native American individuals. (Dkt. 1-1, at p. 3 of 36). Plaintiff alleges that when he complained of this treatment Defendant retaliated against him by accusing him of harassing other employees, which led to his termination. (Id.)

Plaintiff has attached a number of exhibits to his Complaint, which reveal that he worked as a cleaner/housekeeper at a Grand Casino Hinckley hotel. (Id. at p. 7 of 36). Defendant terminated Plaintiff's employment on October 21, 2009, alleging that he had violated its harassment policy by "yelling at and intimidating co-workers and supervisors." (Id.) Following termination, Plaintiff applied for unemployment benefits. (Id.) Significantly, Plaintiff's submissions reveal that his actual employer was the Corporate Commission of the Mille Lacs Band of Ojibwe Indians doing business as Grand Casino Hinckley. (Id. at pp. 7 and 27 of 36). Given this information, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Moreover, Fed. R. Civ. Pro. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court **must** dismiss the action."[emphasis added].

Plaintiff's submissions plainly demonstrate that he is attempting to sue an arm of an Indian tribe—namely, the Corporate Commission of the Mille Bands Band of Ojibwe Indians. Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, which prohibits discrimination by employers. 42 U.S.C. § 2000e-2. In general, a claim that is based on a federal statute presents a federal question. However, in this case, Title VII expressly excludes Indian

tribes form the definition of employer. 42 U.S.C. § 2000e(b) (providing that the term "employer" "does not include . . . an Indian tribe"); see also, Morton v. Mancari, 417 U.S. 535, 545-46 (1974); In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994)(recognizing that Indian tribes are not subject to suit under Title VII); Wardle v. Ute Indian Tribe, 623 F.2d 670, 672 (10th Cir. 1980)("Indian tribes and businesses operating on or near Indian reservations are excluded from the employment discrimination prohibitions of Title VII."); Giedosh v. Little Wound School Board Inc., 995 F. Supp. 1052 (D. S.D. 1997)(recognizing that Indian tribes are excluded from the definition of employer pursuant to Title VII, and holding that a school board established and controlled by individuals of the tribe fell within the definition of an "Indian tribe"); Dille v. Council of Energy Resources Tribes, 801 F.2d 373, 375-76 (10th Cir. 1986); Ferguson v. SMSC Gaming Enterprise, 475 F. Supp.2d 929, 931 (D. Minn. 2007). The Supreme Court has advised that the exemption of Indian tribes from the application of Title VII "reveals a clear congressional recognition . . . of the unique legal status of tribal and reservation-based activities." Morton, 417 U.S. at 545-46. Therefore, because Defendant is a tribal entity, it is not subject to suit under Title VII.[1]

Because Title VII does not apply to Indian tribes, the subject matter of his lawsuit does not present a Federal Question, and accordingly, Plaintiff's action must be dismissed for lack of subject matter jurisdiction. Ferguson, 475 F. Supp.2d at 931 (dismissing Title VII lawsuit for lack of subject matter jurisdiction because tribal entity was exempt from the requirements of Title VII): Bruns v. Leech Lake Reservation Housing Authority, 1997 WL 882911 at *4 (D.

---

[1] In fact, this Court has specifically determined that the Corporate Commission of the Mille Lacs Band of Ojibwe is clearly an arm of the Mille Lacs Band. Reuer v. Grand Casino Hinckley, 2010 WL 3384993 at *11-12 (D. Minn. 2010)(recommending dismissal of action against the Corporate Commission of the Mille Lacs Band of Ojibwe Indians for lack of subject matter jurisdiction on the grounds that, as an arm of the Indian tribe, it was not subject to suit under the ADA), adopted by, 2010 WL 3385058 (D. Minn. 2010).

Minn. 1997)(same), aff'd, 141 F.3d 1167 (8th Cir. 1998)[Table Decision]; Charland v. Little Six, Inc., 198 F.3d 249 (8th Cir. 1999)[Table Decision](affirming district court's dismissal of Title VII and ADA suit against tribal casino for lack of subject matter jurisdiction); Reuer v. Grand Casino Hinckley, 2010 WL 3384993 at *11-12 (D. Minn. 2010)(recommending dismissal of action against the Corporate Commission of the Mille Lacs Band of Ojibwe Indians for lack of subject matter jurisdiction on the grounds that, as an arm of the Indian tribe, it was not subject to suit under the ADA), adopted by, 2010 WL 3385058 (D. Minn. 2010); Giedosh, 995 F. Supp. at 1059 (dismissing Title VII and ADA suit on the grounds that a school board that is established and controlled by individuals of the tribe fit the definition of an "Indian tribe," and therefore, that the court did not have subject matter jurisdiction).

Having determined that this action must be dismissed for lack of subject matter jurisdiction, the Court also recommends that Plaintiff's IFP application be denied.

### III. RECOMMENDATION

Based on the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.  This action be **DISMISSED** pursuant to Fed. R. Civ. Pro. 12(h)(3) for lack of subject matter jurisdiction;

2.  Plaintiff's IFP application (Docket No. 2) be DENIED.

DATED: November 9, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 23, 2010,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.