# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

GARY W. HARSHE,                                    Civil No. 10-4312 (JRT/LIB)

                              Plaintiff,

                                          **ORDER ADOPTING THE REPORT**
v.                                        **AND RECOMMENDATION OF THE**
                                          **MAGISTRATE JUDGE**

GRAND CASINO HINCKLEY,

                              Defendant.

---

> **Gary W. Harshe**, 28314 W. Hardwood Lane, Brook Park, MN 55007, *pro se*.

On October 21, 2010, Gary Harshe filed a complaint against his former employer, Grand Casino Hinckley ("Grand Casino") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and a motion for leave to proceed *in forma pauperis* ("IFP"). (Docket Nos. 1-2.) Harshe, who is white, worked as a cleaner at Grand Casino from February 5, 2008 until he was fired on October 21, 2009. (Compl. Ex. 1 at 7, Docket No. 1.) Harshe alleges that he was passed over for a promotion three times because of his race, with positions going to less qualified Native Americans. (*Id.* at 3.) He claims that when he complained about this treatment Grand Casino retaliated by accusing him of harassing other employees and firing him. (*Id.*) Despite Harshe's allegations, his actual employer was the Corporate Commission of the Mille Lacs Band of Ojibwe Indians, an Indian tribe doing business as Grand Casino Hinckley. (*See id.* at 7, 27); *Reuer v. Grand Casino Hinckley*, No. 09-1798, 2010 WL 3384993, at *3

(D. Minn. July 12, 2010) ("All individuals who work at the Grand Casino Hinckley are employed by the Corporate Commission . . . .") (adopted by 2010 WL 3385058 (D. Minn. Aug. 24, 2010)).

United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation on November 9, 2010, recommending that the Court dismiss this action for lack of subject matter jurisdiction, and deny as moot Harshe's motion to proceed IFP. (Report & Recommendation, Docket No. 3.)  Harshe filed timely objections, objecting generally to the Magistrate Judge's determination that the Court lacks jurisdiction, but failing to object to the Magistrate Judge's determination that Harshe's employer is the Corporate Commission of the Mille Lacs Band of Ojibwe Indians.  (Docket No. 4.)  After reviewing the challenged portions of the Report and Recommendation *de novo*, 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2, the Court finds it does not have subject matter jurisdiction to decide this case because it presents an employment claim against an Indian tribe, over which the Court has no jurisdiction under Title VII.  Thus, the Court overrules Harshe's objection, adopts the Report and Recommendation in its entirety, denies Harshe's motion for leave to proceed in forma pauperis, and dismisses the action with prejudice.

## ANALYSIS

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Turner v. Armontrout*, 922 F.2d 492**,** 493 (8th Cir. 1991)

("Subject matter jurisdiction, of course, is a threshold requirement which must be assured in every federal case."); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971).

In this case, Harshe is attempting to sue a political subdivision of an Indian tribe: the Corporate Commission of the Mille Lacs Band of Ojibwe Indians. *See Reuer*, 2010 WL 3384993 at *12 ("[T]he Corporate Commission is an arm of the Mille Lacs Band, such that the Corporate Commission clearly falls within the definition of an Indian Tribe . . . ."). Title VII of the Civil Rights Act of 1964 expressly excludes Indian tribes from the definition of employers. 42 U.S.C. § 2000e(b) (stating that the term "employer" "does not include . . . an Indian tribe"); *see also Morton v. Mancari*, 417 U.S. 535, 545-46 (1974) (holding that Indian tribes cannot be sued under Title VII); *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304 (8th Cir. 1994).

Because Title VII does not apply to Indian tribes, this lawsuit does not present a justiciable federal question and must be dismissed for lack of subject matter jurisdiction. *See Morton*, 417 U.S. at 545 n.19 (1974); *Ferguson v. SMSC Gaming Enterprise*, 475 F. Supp. 2d 929, 931-32 (D. Minn. 2007) (dismissing Title VII lawsuit against Indian tribe for lack of subject matter jurisdiction); *cf. Reuer*, 2010 WL 3384993 at *11-12 .

Because this suit must be dismissed for lack of subject matter jurisdiction, Harshe's IFP application is denied as moot.

**ORDER**

Based on the foregoing of all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 4] and **ADOPTS** the Magistrate Judge's

Report and Recommendation [Docket No. 3].   Accordingly, **IT IS HEREBY**

**ORDERED** that:

1.      This action is **DISMISSED** with prejudice pursuant to Fed. R. Civ.

P. 12(h)(3) for lack of subject matter jurisdiction.

2.      Plaintiff's petition to proceed *in forma pauperis* [Docket No. 2] is

**DENIED as moot**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 12, 2011                    _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge